STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, ss.                                      CIVIL ACTION
                                                    DOCKET NO. AP-02-13
                                                    $AMM-PEN- 4/17/8005$

TINA BUSHEY,
       Petitioner
                                                    DONALD L. GARBRECHT
                                                    LAW LIBRARY
v.                                        DECISION

SECRETARY OF STATE,                                 APR 29 2003
       Respondent

FILED & ENTERED
SUPERIOR COURT
APR 17 2003
PENOBSCOT COUNTY

Pending before the Court is Tina Bushey's (the "Petitioner") M.R. Civ. P. 80(C)

appeal from the Department of Motor Vehicle's ("DMV") decision to suspend her license

pursuant 29A M.R.S.A. §2521. For the following reasons the Court denies the

Petitioner's appeal.

## Background

On March 26, 2002, the Penobscot County Sheriff's Department responded to the

scene of a one-car accident on Route 2 in Hermon, Penobscot County, Maine. When the

officers arrived they noticed three people in the overturned vehicle. The officers did not

notice any movement and it appeared that the Petitioner was trapped in the driver's seat.

Eventually the passengers, Timothy Coleman and Matt Gallant, began to move and exited

the vehicle. The officers allege that Mr. Gallant told them that they had all been drinking

before the accident and that the Petitioner had been driving. Deputy Randall Parsons

smelled alcohol on the breath of all three individuals and observed multiple alcohol

containers in, on and around the vehicle. The officers removed the Petitioner from the

vehicle with the Jaws of Life and transported her to Eastern Maine Medical Center

("EMMC").

1

After securing the scene the officers, believing that the Petitioner had been operating under the influence, went to EMMC to interview the Petitioner and obtain a blood sample. Deputy William Laughlin discussed the situation with medical personnel and they informed him that the Petitioner was in stable condition.[1] Deputy Laughlin asked a nurse to draw a blood sample at which time the Petitioner stated that she had not been driving and would not submit to a blood test. The Petitioner stated that someone else had been driving the vehicle and had left the scene of the accident on foot. At this time Deputy Laughlin read the implied consent warning form several times to the Petitioner. The Petitioner repeatedly stated that she was not driving, refused to submit to a blood test and eventually became disorderly and abusive towards the officers.

The BMV suspended the Petitioner's motor vehicle operating privileges for two hundred seventy-five days for failing to submit to chemical testing after operating a motor vehicle under the influence of intoxicants. The Petitioner appealed this decision and an authorized Hearing Examiner of the Secretary of State held an administrative hearing. The Hearing Examiner found the officers had probable cause to believe the Petitioner had been driving under the influence, that the officers read the implied consent warnings to the Petitioner prior to her refusal and upheld the decision to suspend her license. The Petitioner then filed the present appeal.

### Discussion

Courts review an agency's decision for abuse of discretion, errors of law, or findings not supported by substantial evidence. Hopkins v. Department of Human Services, 2002 ME 129, ¶8, 802 A.2d 999. Courts afford an agency's factual findings

---

[1] The Petitioner later received surgery for her wounds, however at the time in question she had not undergone any operations and the hospital staff apparently felt she was stable and alert enough to consent to a blood test.

great deference and will uphold those findings if they are supported by "competent and substantial evidence." Id. Substantial evidence is evidence that a reasonable mind would rely on as sufficient support for a conclusion. Richard Thacker et al. v. Konover Development Corp., et al. 2003 ME 30, ¶8, ____ A.2d ____. The Court does not substitute its own judgment and only vacates an agency's decision if there is no competent evidence that supports the decision. Id.

The Petitioner argues that, due to her head injuries, she did not understand the consequences of refusing to submit to a blood test.[2] The Petitioner notes that when the officers arrived at the accident scene she was not moving, the officers observed her blood and matted hair on the vehicle and stated that her head had "pretty much gone through the back window". The Petitioner further notes that when the officers arrived at the hospital she was wearing a head trauma brace and that she was acting irrationally and uncontrollably. At the hearing in the matter the Petitioner also stated that she did not remember refusing the chemical test. The Petitioner argues that these facts support her contention that she did not knowingly and voluntarily refuse the chemical test.

However, the Hearing Examiner found that at the time in question medical personnel had not operated on the Petitioner, she was conscious and the staff felt she was stable enough to authorize a blood test. The Hearing Examiner further found that the officers read the implied consent form numerous times, the Petitioner stated she had not been drinking or driving and clearly refused to submit to the blood test. Her statements concerning drinking and driving indicate that the Petitioner was aware of the reasons for the test and understood what the officers were requesting. While the parties do not

_____

[2] There is not dispute as to whether the officers had probable cause, read the informed consent form, or that the Petitioner refused to submit to a chemical test.

3

dispute the fact that the Petitioner suffered injuries in the accident the Hearing Officer found that the Petitioner understood the consequences of her refusal. Inconsistent evidence will not render an agency decision unsupported. Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶9, 762 A.2d 551. The Petitioner has not met her burden in proving that the there is no competent evidence in the record that supports DMV's decision.

THE DOCKET ENTRY IS:

The Petitioner's appeal is hereby denied.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: April 17, 2003

Justice, Superior Court
Andrew M. Mead

4

Date Filed 6/21/02     Penobscot     Docket No. AP-2002-13
County

Action __ Rule 80C Appeal

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

~~STATE OF MAINE~~ TINA BUSHEY     VS.     ~~TINA BUSHEY~~ SECRETARY OF STATE

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Stephen C. Smith, Esq<br>28 Main St Suite 1<br>Bangor ME 04401 | Department of the Attorney General<br>6 State House Station<br>Augusta ME 04333-0006<br>BY: Joseph A. Wannemacher, AAG |

| Date of Entry | |
|---|---|
| 6/20/02 | Notice of Appeal 5 MRSA Sec 11002 et seq. filed. Exhibit A attached. |
| 7/18/02 | By letter, entry of appearance by Joseph A Wannemacher, AAG on behalf of Secretary of State filed. |
| 7/22/02 | Certification of Record filed by Respondent. |
| 7/23/02 | Motion to Amend Caption filed. |
| 8/9/02 | Motion to Amend Caption filed by Plaintiff. |
| 8/14/02 | File presented to Justice Mead for review. |
| 8/19/02 | File returned by Justice Mead. Order issued. |
| 8/19/02 | Order filed. The Plaintiff's Motion to Amend Caption is hereby granted. (Mead, J.) Copy forwarded to attorneys of record. |
| 8/20/02 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions forwarded to attorneys of record. |
| 8/23/02 | Motion to Enlarge Time filed by Petitioner to file her Brief. |
| 9/18/02 | Court's ruling on Plaintiff's Motion to Enlarge Time filed 8/23/02; Order. The Plaintiff's Motion to Enlarge Time is hereby GRANTED 20 days. (Mead, J) (Order signed 9/2/02) Copy forwarded to all attorneys of record. |
| 9/20/02 | Motion to Enlarge Time to file Brief until 9/23/02 filed by Plaintiff. |
| 10/15/02 | Petitioner's Brief filed. |